IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BRYANT,<br><br>    Plaintiff,<br><br>    vs.<br><br>SHERRY LOPEZ, et al.,<br><br>    Defendants. | 1:11-cv-01924-AWI-GSA-PC<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $350.00 FILING FEE IN FULL<br><br>(Doc. 2.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

Kevin D. Bryant ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 18, 2011, together with an application to proceed in forma pauperis. (Docs. 1, 2.)

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g)

1

and is precluded from proceeding in forma pauperis unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury.[1]

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception.[2]  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  The Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint. Plaintiff alleges in the Complaint that he is being denied adequate pain medication by prison officials out of retaliation for filing court actions.[3]  Plaintiff may not proceed in forma pauperis in this action, and must submit the appropriate filing fee in order to proceed with this action.  Therefore, Plaintiff's application to proceed in forma pauperis shall be denied, and this action shall be dismissed, without prejudice to refiling with the submission of the $350.00 filing fee in full.

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis in this action is denied;

2. This action is DISMISSED, without prejudice to refiling with the submission of the $350.00 filing fee in full; and

3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:    February 4, 2012

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Among the dismissals suffered by Plaintiff that count as strikes under 1915(g) are case numbers 5:09-cv-01306-UA-FMO (CD Cal.) Bryant v. Pacheco, et al. (dismissed on 07/23/2009 as frivolous and for failure to state a claim); 5:09-cv-01460-UA-FMO (CD Cal.) Bryant v. Briones-Colman, et al. (dismissed on 08/17/2009 as frivolous and for failure to state a claim); and 2:10-cv-03199-UA-FMO (CD Cal.) Bryant v. Hanks, et al. (dismissed on 05/07/2010 for failure to state a claim).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

[3] Plaintiff also alleges in the Complaint that prison officials paid another inmate to assault Plaintiff. (Complaint, Doc. 1 at 6.) However, this allegation concerns past conduct by these officials which Plaintiff asserts is under investigation by the Office of Internal Affairs, and Plaintiff has submitted a declaration by the inmate who was solicited to assault Plaintiff, in which the inmate explains that he decided not to assault Plaintiff. (Id. at 53.)  Plaintiff does not assert that he is presently under danger of assault by this inmate.

2